IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA JORDAN, o/b/o SYLVESTER MCCURRY, a minor | No. 07 C 3496 |
| Plaintiff, | |
| v. | Judge Arlander Keys |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On November 14, 2008, the Court issued a Memorandum Opinion
and Order remanding Yolanda Jordan's case to the Commissioner of
Social Security. Shortly thereafter, Ms. Jordan's attorney
petitioned the Court for an award of attorney's fees under the
Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing
party in an action against the United States; the Government may
defeat this entitlement by showing that its position in the
underlying litigation 'was substantially justified.'" *Scarborough
v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. §
2412(d)(1)(A)). Having won summary judgment in her favor and
secured a remand, Ms. Jordan is the prevailing party; indeed, the
Commissioner concedes as much, but argues that an award of fees
is inappropriate because his position was substantially
justified. The Commissioner has the burden of establishing that

his position was "substantially justified" - that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In the instant case, he failed to meet that burden.

Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification; a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). But in this case, neither was true. The ALJ failed to address Ms. Jordan's testimony and her attorney's affidavit regarding the availability of funds in Sylvester's certificate of deposit and money market accounts. The Court held that the ALJ's failure to do so precluded it from "conclud[ing] that substantial evidence supports [the ALJ's] conclusion that the accounts constituted resources rendering Sylvester ineligible for SSI." This indicates that neither the ALJ's position, nor the Commissioner's subsequent defense of said position, were substantially justified. As the Commissioner has offered nothing in his opposition brief to persuade the Court otherwise, the Court finds that an award is appropriate under the EAJA.

Having determined that an award of fees is appropriate, the Court must next determine what amount should be awarded. In his

2

initial application, Ms. Jordan's counsel seeks to recover fees totaling $8,141.00.[1] The fee request includes 46.0 hours of attorney time billed at the rate of $171.25/hour. Additionally, counsel seeks payment for 3.1 hours of legal assistant time billed at a rate of $85.00/hour. In his reply brief, counsel seeks another 1.4 hours of attorney time billed at a rate of $171.25/hour. Thus, in total, Ms. Jordan's counsel seeks fees in the amount of $8,380.75.

The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. The Court finds, however, that some of the time billed should be disallowed. First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks);

---

[1]  Counsel submitted a request for payment of $7,807.12 for 47.1 total hours expended; specifically, 44.1 hours of attorney time and 3.0 hours of legal assistant time. However, based upon the information provided to the Court, it appears as though counsel actually seeks payment for a total of 49.1 hours expended. This includes: 35 hours of time contributed by attorney "JC," 11 hours by attorney "BAS," 1.5 hours by legal assistant "JMG," and 1.5 hours by legal assistant "VB." The Court notes that .1 hour is reported as having been spent by CT. As the Court was not provided any information regarding the job title of this individual, and the entry represents a task that is clerical in nature, it will be factored into the time spent on this case by legal assistants.

3

*Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). Additionally, the Court is concerned with the multiple reviews afforded Plaintiff's Motion for Summary Judgment. Courts have routinely approved fee requests in which a junior attorney prepared a draft, a senior attorney reviewed and made suggestions, and the junior attorney then spent time incorporating the suggested revisions. *See, Holland v. Barnhart*, No. 02 C 8398, 2004 U.S. Dist. LEXIS 1364, at *5-6 (N.D. Ill. Feb. 2, 2004)("[T]he billing submissions . . . show that [senior attorney] edited [junior attorney's] work and made suggestions, which [junior attorney] then spent time incorporating into the drafts. We find this joint effort appropriate and proper in this case."); *Steele v. Barnhart*, No. 99 C 5455, 2002 U.S. Dist. LEXIS 21462, at *6-7 (N.D. Ill. Nov. 4, 2002)("[I]t is perfectly reasonable that an attorney spend several hours drafting a document, have a senior attorney review it, discuss that attorney's comments, and spend several hours incorporating the suggestions."). While the Court finds Mr. Schultz's initial review of Ms. Cardoni's work reasonable, it does not believe the same to be true for the second review. Indeed, the Court finds the subsequent review to be inefficient and wasteful and will not allow counsel to recover fees for the review time.

4

Taking the above into account, the Court will allow counsel to recover fees for 40.45 hours of attorney time (at the rate of $171.25/hour) and 2.15 hours of legal assistant time (at the rate of $85.00/hour), for a total fee award of $7,109.81.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Ms. Jordan and awards fees as requested, except to the extent explained above. Consistent with the EAJA, and in accordance with the assignment executed by Ms. Jordan, the Court awards fees, payable to Barry A. Schultz, in the amount of $7,109.81.

Date: April 15, 2009          E N T E R E D:


MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT